IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JESSICA PEREZ, Individually and as** § | | |
| **Next Friend of KEEGAN HILLSMAN** § | | |
| **AND MORGAN HILLSMAN, MINOR** § | | |
| **CHILDREN** § | | |
| § | | |
| **V.** § | **CIVIL NO. 5:19-cv-00375** | |
| § | | |
| **ALVIN BOECKEN and JIM BALLARD** § | | |
| **d/b/a CAB TRANSPORT** § | | |

**PLAINTIFF'S COMPLAINT AT LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **JESSICA PEREZ, Individually and as Next Friend of KEEGAN HILLSMAN and MORGAN HILLSMAN, Minor Children,** Plaintiff herein, complaining of, Defendants **ALVIN BOECKEN and JIM BALLARD d/b/a CAB TRANSPORT**, herein, and for cause of action would respectfully show unto the Court as follows:

**I.
PARTIES**

1. Plaintiff **JESSICA PEREZ, Individually and as Next Friend of KEEGAN HILLSMAN and MORGAN HILLSMAN, Minor Children** is an individual residing at 268 Springs Hill Circle, Seguin, Texas 78155 in Guadalupe County, Texas.

2. Defendant, **ALVIN BOECKEN**, is an individual residing at 468353 E 1126 Road, Gans, Oklahoma 74936 and may be served with process by serving **The Chairman of the**

**Texas Transportation Commission, 125 East 11th Street, Austin, TX 78701**. ISSUANCE and SERVICE of citation over this Defendant **IS** requested at this time.

3. Defendant, **JIM BALLARD d/b/a CAB TRANSPORT**, is a sole proprietorship with its principal place of business located at 24 S. 3rd Street, St. Paris, Arkansas, 72855. Upon information and belief, he has not designated an agent for service of process in the State of Texas; therefore he may be served with process by serving **The Secretary of State for the State of Texas at Service of Process, Secretary of State, James E. Rudder Bldg., 1019 Brazos Street, Room 105, Austin, TX 78701.** ISSUANCE and SERVICE of citation over this Defendant **IS** requested at this time.

## II.
## JURISDICTION and VENUE

4. This Court has jurisdiction over the case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of the value of $75,000.00, exclusive of fees and costs and this is a suit between citizens of different states.

5. Venue as to this Complaint is proper in the Western District of Texas San Antonio division under U.S.C. §1391(b)(2), because a substantial part of the events or omissions given rise to this claim occurred in this district.

## III
## FACTS

6. Plaintiff brings this lawsuit to recover damages arising out of an automobile/commercial motor vehicle collision which occurred on or about October 19, 2017. On this date, the Plaintiff was operating her vehicle in a lawful manner when she was struck by a

commercial motor vehicle driven by Defendant, **ALVIN BOECKEN**, while Defendant, **ALVIN BOECKEN**, was operating the commercial motor vehicle in the course and scope of his employment with Defendant, **JIM BALLARD d/b/a CAB TRANSPORT**. **KEEGAN HILLSMAN** and **MORGAN HILLSMAN** were passengers in the car driven by **JESSICA PEREZ**. Specifically, Defendant, **ALVIN BOECKEN,** changed lanes into the Plaintiff, striking the Plaintiff, causing the collision and Plaintiff's injuries and damages.

7. At all times relevant to this suit **ALVIN BOECKEN** was working in the course and scope of his employment with Defendant, **JIM BALLARD d/b/a CAB TRANSPORT.** Accordingly, Plaintiff alleges that Defendant, **JIM BALLARD d/b/a CAB TRANSPORT**, is vicariously liable for all acts and/or omissions of Defendant, **ALVIN BOECKEN.**

## IV.
## DAMAGES

8. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to her body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her, to suffer consequences and ill effects of this deterioration throughout her body in the future, if not for the balance of her natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

9. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

   a) Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

   b) Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

   c) Physical pain and suffering in the past;

   d) Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

   e) Physical impairment in the past;

   f) Physical impairment, which will, in all reasonable probability, be suffered in the future;

   g) Lost wages in the past;

   h) Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

   i) Mental anguish in the past;

   j) Mental anguish which will, in all reasonable probability be suffered in the future;

   k) Fear of future disease or condition;

   l) Disfigurement;

   m) Cost of medical monitoring and prevention in the future;

   n) Loss of household services.

10. Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional

limits of this Court.

11. Plaintiff is entitled to recover all pre-judgment and post*judgment interest as allowed by law, along with their costs of court.

## V.
## EXEMPLARY DAMAGES

12. Plaintiff hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

   a) The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

   b) Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Therefore, for such malice on behalf of

  Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VI.
## CONDITIONS PRECEDENT

13. All conditions precedent to recovery of said damages by all of said Plaintiff has been satisfied.

## VII.
## NEGLIGENCE, NEGLEGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT, ALVIN BOECKEN

14. Plaintiff would show that on the subject occasion, Defendant, **ALVIN BOECKEN**, was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

    a. Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.417(a);

    b. In operating the vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.401(a);

    c. In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff's vehicle;

    d. In failing to turn the vehicle to the left so as to avoid hitting Plaintiff's vehicle;

    e. In failing to maintain control of the vehicle prior to the subject collision, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545.060(a);

    f. In failing to maintain an assured safe distance between his vehicle and Plaintiff's vehicle, which constitutes negligence and negligence per se, as it is in violation of Texas Transportation Code §545.062(a);

    g. In driving and operating said vehicle at a speed in excess of the posted speed limit, and is therefore prima facie evidence that the speed was not reasonable

    and prudent, as described by Texas Transportation Code §545.352(a);

  h.  In operating the vehicle in a careless and unsafe manner;

  i.  Failing to take proper evasive action;

  j.  Defendant driver failed to use the reasonable care that an ordinary driver would use in attempting to avoid a dangerous situation on the roadway;

  k.  Defendant driver failed to use the reasonable care that a professional driver of commercial vehicles would use when he failed to maintain proper attention while operating the truck on a highway;

  l.  Defendant driver failed to use the reasonable care that a professional driver would use when he failed to take proper evasive action to avoid colliding with the Plaintiff's vehicle;

  m.  Defendant driver failed to use the reasonable care that a professional driver of commercial vehicles would use when he operated the truck in contravention of safe industry practices and in a manner which he knew or should have known created an extreme risk of serious injury or death;

15. Defendant, **ALVIN BOECKEN,** operated the truck in an unsafe manner, and the truck presented an unreasonable risk of serious injury or death. **Defendant, JIM BALLARD d/b/a CAB TRANSPORT'S** driver's negligent acts and/or omissions were the direct and proximate cause of the collision as were the various negligent actions and/or omissions of Defendant, **JIM BALLARD d/b/a CAB TRANSPORT**, as described below.

16. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to the Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural

life. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

17. Plaintiff hereby alleges that the negligence of Defendant, **ALVIN BOECKEN,** was more than momentary thoughtlessness or inadvertence. Rather, the Defendant, **ALVIN BOECKEN**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant, **ALVIN BOECKEN,** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VIII.
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT, JIM BALLARD d/b/a CAB TRANSPORT

18. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, ALVIN BOECKEN, was driving a truck owned by Defendant **JIM BALLARD d/b/a CAB TRANSPORT.**

    a) At the time of the occurrence of the act in question and immediately prior thereto, Defendant **ALVIN BOECKEN** was engaged in the furtherance of Defendant, **JIM BALLARD d/b/a CAB TRANSPORT's** business and/or was in the course and scope of his employment with it.

    b) Plaintiff invokes the doctrine of *respondeat superior* against Defendant **JIM BALLARD d/b/a CAB TRANSPORT.**

  **c)** Defendant is liable under the doctrine of *respondeat superior* in that Defendant, **ALVIN BOECKEN** was operating a vehicle in the course and scope of his employment with Defendant **JIM BALLARD d/b/a CAB TRANSPORT.**

  **d)** Defendant **JIM BALLARD d/b/a CAB TRANSPORT** is also negligent in one or more of the following respects:

    i. Negligent hiring of its driver;

    ii. Negligent training;

    iii. Negligent supervision;

    iv. Negligent retention;

    v. Defendant **JIM BALLARD d/b/a CAB TRANSPORT** failed to properly maintain the vehicle involved in the incident;

    vi. Defendant **JIM BALLARD d/b/a CAB TRANSPORT** failed to adequately inspect the vehicle to prevent collisions by its employees;

    vii. Defendant **JIM BALLARD d/b/a CAB TRANSPORT** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

    viii. Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

  **e)** As described herein, Defendant **JIM BALLARD d/b/a CAB TRANSPORT**, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

    f) Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

    g) Plaintiff hereby alleges that the negligence of Defendant, **JIM BALLARD d/b/a CAB TRANSPORT**, was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **JIM BALLARD d/b/a CAB TRANSPORT**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **JIM BALLARD d/b/a CAB TRANSPORT** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## IX
## JURY DEMAND

19. Plaintiff requests a jury in this cause and have tendered payment.

## PRAYER

WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff prays for judgment against the Defendant for compensatory damages for medical and therapeutic expenses incurred; for recovery of property damages; for her pain and suffering; for punitive damages; for such

expenses incurred and reasonably certain to be incurred in the future; for prejudgment interest as may be proper; and, for such other and further relief as the Court may deem proper.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Fax: (210) 785-0806


By: __/s/ Robert O. Fischel_____
      **ROBERT O. FISCHEL, OF COUNSEL**
      State Bar No. 07040200
      ATTORNEYS FOR PLAINTIFF
      e-mail: robertf@davislaw.com