IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA PEREZ, Individually and as | § | |
| Next Friend of KEEGAN HILLSMAN | § | |
| AND MORGAN HILLSMAN, MINOR | § | |
| CHILDREN | § | |
| | § | |
| V. | § | CIVIL NO. 5:19-CV-00375 |
| | § | |
| ALVIN BOECKEN and JIM BALLARD | § | |
| d/b/a CAB TRANSPORT | § | |

## OPPOSED MOTION TO QUASH AND FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JESSICA PEREZ, Individually and as Next Friend of KEEGAN HILLSMAN AND MORGAN HILLSMAN, MINOR CHILDREN, hereinafter "Plaintiffs", in the above referenced and styled civil action and brings this Motion to Quash and for Protective Order against Alvin Boecken and Jim Ballard d/b/a Cab Transport, hereinafter "Defendants", and in support would show the Court the following:

1. On September 4, 2019, Plaintiffs received Defendants' Notice of Intention to Take Depositions by Written Questions Directed to the Custodian of Records for the following health care providers:

   a. Alamo Neurosurgical Institute, P.A./Dr. Michael Leonard, 414 West Sunset Road, Suite 205, San Antonio, Texas 78209; and

   b. Foundation Surgical Hospital of San Antonio, 9522 Huebner Road, San Antonio, Texas 78240

2.      Alamo Neurosurgical Institute is a healthcare provider specializing in neurosurgery.  In this capacity, Alamo Neurosurgical Institute treats a diverse patient population with a variety of ailments related to injury to the brain and spine.  Its patient population includes those individuals who have been injured on the job, in automobile accidents or through slip and fall accidents.

3.      Foundation Surgical Hospital is also a healthcare provider that provides facilities for surgeries to individuals with various ailments. Its patient population also includes those individuals who have been injured on the job, in automobile accidents or through slip and fall accidents.

4.      It is Plaintiff, Jessica Perez, understanding that Alamo Neurosurgical Institute and Foundation Surgical Hospital, hereinafter "Healthcare Providers", accept many insurance policies as well as Letters of Protection in order to secure payment for their services.  In the above referenced and styled civil action Plaintiff, Jessica Perez, was injured and treated by licensed healthcare doctors associated with Healthcare Providers.  Healthcare Providers have produced to Plaintiffs the necessary medical and billing records for the services they provided to Plaintiff, Jessica Perez. Further, Plaintiffs' counsel has already shared these documents with Defendants.

5.      On or about September 4, 2019, Defendants, through their counsel at Thronton, Biechlin, Reynolds & Guerra, L.C., issued identical subpoenas to produce documents, information or objects not relevant to the abovementioned case and style to Healthcare Providers. The due date for these subpoenas to be returned is October 7, 2019 at 10:00 a.m.

6.      Plaintiff, Jessica Perez, would show the *Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Notice* directed to

the Custodian of Records for Alamo Neurosurgical Institute, PA/Dr. Michael Leonard (Exhibit 1) requires the production of the following:

    a.    "Any and All contracts regarding negotiated or reduced rates for services provided to Jessica Perez ( DOB 01/16/1976),including those with Aetna, United Healthcare, First Care, Blue Cross Blue Shield, Medicare, Medicaid, and Medicare from 10/19/2017 to the present." and

    b.    "Any Annual Cost Report you are required to provide to Medicare Administrative Contractor, as a Medicare certified institutional provider for the year 2013, 2014, 2015, 2016, and 2017."

    7.    Further, Plaintiff, Jessica Perez, would show the *Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Notice* directed to the Custodian of Records for Foundation Surgical Hospital of San Antonio, (Exhibit 2) requires the production of the following:

    a.    "Any and All contracts regarding negotiated or reduced rates for services provided to Jessica Perez ( DOB 01/16/1976),including those with Aetna, United Healthcare, First Care, Blue Cross Blue Shield, Medicare, Medicaid, and Medicare from 10/19/2017 to the present." and

    b.    "Any Annual Cost Report you are required to provide to Medicare Administrative Contractor, as a Medicare certified institutional provider for the year 2013, 2014, 2015, 2016, and 2017."

    8.    Plaintiff, Jessica Perez, did not present Healthcare Providers with any health insurance for purposes of her treatment, and Healthcare Providers have not filed any claim(s) for reimbursement with any health insurance entity. Plaintiff, Jessica Perez, made pre-payment

arrangements with Healthcare Providers. Healthcare Providers agreed to accept a percentage of their total costs of treatment for Plaintiff, Jessica Perez. According to the agreement, Plaintiff, Jessica Perez, irrevocably agreed to pay Healthcare Providers the Plaintiff, Jessica Perez, failed to recover, or the recovery was insufficient to pay Healthcare Providers in full, Plaintiff, Jessica Perez, is still obligated to pay Healthcare Providers.

9. Under FRCP 45(d)(3)(A), when required, on a timely motion, the Court for the District where compliance is required must quash or modify the subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in FRCP45(c)
(iii) requires disclosure of privileged or protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden. *See* FRCP 45(d)(3)(A).

10. Under FRCP 45(d)(3)(B)(i), when permitted, to protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on a motion, quash or modify the subpoena, if it requires disclosing trade secret or other confidential research, development, or commercial information. *See* FRCP 45(d)(3)(B)(i). Through responses to the *Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Notice,* Defendants request Healthcare Providers to provide extensive and invasive information regarding Healthcare Providers' general business and billing practices and agreements with third parties. Specifically, Defendants seek to compel Healthcare Providers to provide information and/or documents regarding:

i. Confidential, proprietary, and trade secret contracts between Healthcare Providers and various health insurance providers, specifically, Aetna, United

        Healthcare, First Care, Blue Cross Blue Shield, Medicare, Medicaid, and Medicare;

  ii.  Healthcare Providers' agreed-upon rates with various insurance providers, specifically, Aetna, United Healthcare, First Care, Blue Cross Blue Shield, Medicare, Medicaid, and Medicare; and

  iii.  Payment from various insurance providers, specifically, Aetna, United Healthcare, First Care, Blue Cross Blue Shield, Medicare, Medicaid, and Medicare for treatment provided to unrelated patients for services performed on Plaintiff, Jessica Perez.

11.    In violation of FRCP 45(d)(3)(B)(i), the person answering the subpoena by Defendants would be required to disclose trade secrets, development and/or commercial information. *See* FRCP 45(d)(3)(B)(i). Additionally, FRCP 45(d)(3)(A)((iii) and (iv) and FRCP 45(d)(3)(B)(i) apply in this case, as the *Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Notice* directed to Healthcare Provides requires disclosure of privileged or protected matter and subjects the person to an undue burden because the relevant records pertaining to Plaintiff, Jessica Perez, have already been provided to Defendants. *See* FRCP 45(d)(3)(A)((iii), (iv) and FRCP 45(d)(3)(A)((iii).

12.    Healthcare Providers are a non-party to the above referenced civil action and the documents to be produced are either already produced to the Plaintiff and the Defendant, irrelevant to this civil action, or privileged. *See* FRCP 26(b)(1). Defendants' request for documents from Healthcare Providers involve proprietary matters and matters irrelevant to any of the parties claim. *Id.* In addition, under FRCP 26(b)(l) a proportional scope of discovery exists. *Id*. Under Rule 26(b)(l), "Parties may obtain discovery regarding

any non-privileged matter that is relevant to any parties claim or defense and proportional to the needs to the case." *Id.* The requested information sought by the Defendants is irrelevant in that Defendants seek information regarding Healthcare Providers' agreements with various insurance providers, specifically, Aetna, United Healthcare, First Care, Blue Cross Blue Shield, Medicare, Medicaid, and Medicare. However, Plaintiff, Jessica Perez, did not present health insurance to Healthcare Providers, and Healthcare Providers have not filed any claim for reimbursement with any health insurance provider. The requested information is beyond the scope of discovery in that it is "not relevant to any party's claim or defense". *See id.*

13. Further, FRCP 26(b)(2)(C) requires the Court to limit the discovery where "the discovery sought is unreasonable cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive..." *See* FRCP 26(b)(2)(C). To obtain discovery from a non-party, a party seeking the discovery must demonstrate that its need for discovery outweighs the non-party's interest in non-disclosure. *Id.* Defendants have not shown that their need for proprietary information belonging to Healthcare Providers, a non-party, outweighs the interest of Healthcare Providers in keeping this proprietary information confidential.

14. Under Texas Law, damages for personal injury include the reasonable expenses for necessary medical care. *Haygood v. de Escabedo*, 356 S.W.3d 390, 391 (Tex. 2011). Texas C.P.R.C § 41.0105 states:

> "In addition to any other limitation, under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant."

In *Haygood*, the Texas Supreme Court found that § 41.0105 limited the presentation of evidence, as well as Plaintiff's recovery, to the amount of past medical expenses that have been or will be paid by or on behalf of the Plaintiff. *Id.* At 398. Any other information is irrelevant and inadmissible and outside the scope of discovery. *See* FRCP 26(b)(1). Defendants seek information regarding Healthcare Providers' agreements with various insurance providers, specifically, Aetna, United Healthcare, First Care, Blue Cross Blue Shield, Medicare, Medicaid, and Medicare. However, Plaintiff, Jessica Perez, did not present health insurance to Healthcare Providers, and Healthcare Providers have not filed any claim for reimbursement with any health insurance provider.

15. This Motion to Quash is timely in that it is filed before the return date of the subpoena. *See, e.g., Flynn v. Square One Distribution, Inc.*, No. 6:16-MC-25-ORL-37TBS, 2016 WL 2997673, at *1 (M.D. Fla. May 25, 2016); *Carter v. Archdale Police Dep't, No.* 1:13CV613, 2014 WL 1774471, at *3 (M.D.N.C. May 2, 2014); *WM High Yield*, 460 F. Supp. 2d at 894-95; *Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998). *See also Lula Williams, et al., v. Big Picture Loans, LLC, et al.*, No. CV 3:18-MC-1, 2018 WL 1368271, at *5 (E.D. Va. Mar. 16, 2018).

## CONFERENCE

On September 6, 2019, Counsel for Plaintiffs contacted counsel for Defendants to confer regarding this Motion to Quash. Counsel for Defendants is opposed.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays the Motion to Quash be Granted and Defendants be prevented from obtaining the information requested by the *Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Notice* directed to Healthcare Providers. Further, Plaintiffs

request this Court to Grant her any further relief to which she may be justly and equitably entitled.

>Respectfully submitted,
>
>**DAVIS LAW FIRM**
>10500 Heritage Blvd. #102
>San Antonio, Texas 78216
>Telephone:   (210) 444-4444
>Fax:               (210) 785-0806
>
>By:   _/s/ Robert O. Fischel_____
>  **ROBERT O. FISCHEL, OF COUNSEL**
>  State Bar No. 07040200
>  e-mail: robertf@davislaw.com
>  ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure on this 13th day of September, 2019, upon all known parties and counsel of record for Defendant:

>**Via E-Mail: Spage@thorntonfirm.com**
>R. Sean Page,
>Jeffrey K. Finley
>THORNTON, BIECHLIN, REYNOLDS & GUERRA, L.C.
>One International Centre
>100 NE Loop 410, Ste. 500
>San Antonio, Texas 78216
>Telephone: (210)342-5555
>Facsimile: (210)525-0666
>
>
>            _/s Robert O. Fischel_____
>            Robert O. Fischel