# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA PEREZ, INDIVIDUALLY AND AS NEXT FRIEND OF KH AND MH, MINOR CHILDREN; *Plaintiff*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-19-CV-00375-XR |
| v. | § | |
| ALVIN BOECKEN, JIM BALLARD, *Defendants*. | §<br>§ | |

## ORDER

Before the Court is Defendants' appeal and objections to the October 10, 2019 order of Magistrate Judge Elizabeth C. Chestney. The Court has considered Defendants' Statement of Appeal and Objections (ECF No. 27), the response of non-party movants Foundation Bariatric Hospital of San Antonio, L.L.C. d/b/a Foundation Surgical Hospital of San Antonio and Alamo Neurosurgical Institute, P.A. (ECF No. 28), and Defendants' Reply (ECF No. 32). For the reasons stated below, the Court AFFIRMS the Magistrate Judge's Order.

## BACKGROUND

This case is brought by Plaintiff Jessica Perez, on her own behalf and on behalf of her minor children, against Defendants for damages arising from a motor-vehicle collision between Plaintiff and a commercial vehicle driven by Defendant Boecken in the course of his employment with Defendant Ballard. Plaintiff's claimed damages include past and future reasonable and necessary medical care and expenses related to injuries caused by the collision. Among various medical providers, Plaintiff sought treatment for her alleged injuries with Alamo Neurosurgical Institute ("Alamo") and Foundation Surgical Hospital of San Antonio

("Foundation"), non-parties in the case *sub judice*. Defendants sought discovery from the non-party movants of:

(a) Any and all contracts regarding negotiated or reduced rates for services provided to Jessica Perez, including those with Aetna, United Healthcare, First Care, Blue Cross Blue Shield, Medicare, and Medicaid from 10/19/17 to present.

(b) Any Annual Cost Report you are required to provide to a Medicare Administrative Contractor, as a Medicare certified institutional provider for the years 2013, 2014, 2015, 2016, and 2017.

Defendants also asked the non-party movants to "state their Medicare reimbursement rates for any medical services performed for Jessica Perez…from 10/19/17 to the present, including but not limited to epidural steroid injections, x-rays, CT scans, laboratory tests and emergency room services."

The non-party movants moved to quash these requests, while Defendants moved to compel responses to the same. Magistrate Judge Chestney granted the non-party movants' Motion to Quash and denied Defendants' Motion to Compel. Defendants now appeal Magistrate Judge Chestney's Order.

## ANALYSIS

The standard of review for pre-trial matters decided by a Magistrate Judge and appealed to the District Court is found in Rule 72 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 72(a). Rule 72 provides in part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the

court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")

Defendants argue Magistrate Judge Chestney's Order was clearly erroneous and contrary to established law for three reasons: (1) the information sought from the non-party movants is relevant and discoverable under *North Cypress*; (2) the requested discovery is proportional to the needs of this case; (3) the non-party movants failed to establish the requested information is a trade secret. The Court disagrees.

First, this Court finds no reason to set aside Magistrate Judge Chestney's holding that the discovery sought did not meet the relevance or proportionality standards. Defendants failed to convince Magistrate Judge Chestney to extend *North Cypress* beyond its holding, and they have failed to convince this Court that Magistrate Judge Chestney's declination to do so is clear error or contrary to law.

*North Cypress* was a case between an uninsured patient and a hospital over the reasonableness of a hospital lien. *In re North Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128 (Tex. 2018). There, the uninsured patient-plaintiff, who bore the burden of challenging the reasonableness of the lien, sought discovery from the hospital-defendant of the amounts the hospital accepts from other patients for the same services rendered to the plaintiff. *Id.* at 134–37. The Texas Supreme Court reasoned that because of the Texas hospital-lien statute at issue, a central issue in the case would be "what a reasonable and regular rate would be" for the services rendered to the plaintiff. *Id.* at 133. Thus, the amounts the hospital-defendant accepted from other patients for the same services rendered to the plaintiff were relevant and therefore discoverable. *Id.* at 137.

That case is entirely distinguishable from a case, like the present one before this Court, based on personal injury incurred by a plaintiff and caused by a defendant, where the plaintiff bears the burden of proving the reasonableness of her damages, and where defendant seeks substantial discovery from a non-party based on reimbursement rates and charges wholly unrelated to the plaintiff. Plaintiff here is an uninsured patient. Defendants seek information from the non-party movants about rates they have charged other people for the same services rendered to Plaintiff—not other people who, like Plaintiff, are uninsured, but other people covered by Medicare, Medicaid, and a host of other private insurers.

"[T]he amount actually paid or incurred by or on behalf of" Plaintiff is evidence that is relevant to Plaintiff's claimed damages for reasonable and necessary medical care and expenses. TEX. CIV. PRAC. & REM. CODE § 41.0105. The non-party movants do not object to providing Plaintiff's medical records and billing records. The discovery sought here relates to rates charged to patients other than Plaintiff, which, as Magistrate Judge Chestney noted, "has no bearing" on what Plaintiff owes her medical providers and is irrelevant. Other courts in other cases may have found this information relevant and discoverable. But unless and until the Texas Supreme Court or the Fifth Circuit extends the holding of *North Cypress* to cases such as this one, Magistrate Judge Chestney's ruling was not in error or contrary to established law.

Finally, this Court does not find Magistrate Judge Chestney's holding that Foundation had established trade secret privilege clearly erroneous or contrary to established law. But even if this Court did find error in that holding, any error is harmless because the discovery sought is rightfully quashed upon the finding that it fails to meet the relevance and proportionality standards. This basis alone is sufficient for the Court to affirm Magistrate Judge Chestney's Order.

Defendants also request in their appeal the opportunity to conduct oral argument. The Court DENIES this request. Oral argument was already held before Magistrate Judge Chestney, and this Court finds no reason to repeat substantially the same arguments presented before the Magistrate Judge.

It is therefore ORDERED that the October 10, 2019 Order of Magistrate Judge Chestney is AFFIRMED.

It is so ORDERED.

SIGNED this 8th day of January, 2020.

_____
XAVIER  RODRIGUEZ
UNITED STATES DISTRICT JUDGE