IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JESSICA PEREZ, INDIVIDUALLY AND AS
NEXT FRIEND OF KEEGAN HILLSMAN
AND MORGAN HILLSMAN, MINOR
CHILDREN

v.                                                            CIVIL ACTION NO. 5:19-CV-00375

ALVIN BOECKEN AND JIM BALLARD
D/B/A CAB TRANSPORT

**DEFENDANTS' OPPOSED MOTION TO LIMIT THE TESTIMONY OF
PLAINTIFF'S DESIGNATED EXPERT WITNESS KERRY V. NELSON**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME DEFENDANTS, Alvin Boecken and Jim Ballard d/b/a CAB Transport

(hereinafter collectively referred to as "Defendants/Movants") in the above styled and numbered

cause, and file their Motion to Limit the Testimony of Plaintiffs' Designated Expert Witness Kerry

V. Nelson, and in support thereof would respectfully show this Honorable Court as follows:

**I. INTRODUCTION & BACKGROUND**

1.      This lawsuit concerns claims for personal injury damages as a result of a motor vehicle

accident which occurred on or about October 19, 2017 in New Braunfels, Texas on Interstate

Highway 35.  At the time, Plaintiff Jessica Perez and her children Keegan Hillsman and Morgan

Hillsman were travelling in a Kia Optima, in the right lane of IH-35 South.  Plaintiff alleges a

tractor-trailer operated by Alvin Boecken, in the course and scope of his employment with Jim

Ballard d/b/a CAB Transport, made an unsafe lane change and collided with the Plaintiff's vehicle

causing a collision on the highway.  As a result, Plaintiff filed this lawsuit asserting causes of

action for negligence, negligence per se, respondeat superior, and gross negligence.  Dkt. No. 1.

2.      Plaintiff filed her Designation of Experts on December 23, 2019, identifying as a retained

expert, Kerry V. Nelson.  Dkt. No. 36.  Plaintiff's expert designation provided the following

information in an effort to summarize the opinions and potential testimony of Kerry V. Nelson:

> Mr. Nelson is expected to testify as to the link between force magnitude and visible
> damage in a motor vehicle collision that resulted in vehicle damages, the
> relationship between impact force on the vehicle and the force transmitted to the
> vehicle occupants during the incident in this case. The subject matter, mental
> impressions, opinions and a brief summary of the basis for him can be found in the
> report which was served to Defendant.

*Id.* at page 9.

3.      Mr. Nelson issued a written report dated  December 23, 2019.  In his written report, Kerry

Nelson outlined the extent of materials he reviewed in formulating his opinions, which are as

follows:

    a.   The Texas Peace Officer's Crash Report, dated 10/19/17;
    b.   Deposition of Alvin Boecken;
    c.   Deposition of Jessica Perez;
    d.   Defendant's bates stamped documents pages 1-118, and 155-161;
    e.   Photographs of Defendant and Plaintiff's vehicles;
    f.   The Texas Commercial Motor Vehicle Drivers Handbook ("CDL Manual"); and
    g.   The Federal Motor Carrier Safety Regulations ("FMCSR's").

Exhibit "A" at pages 1 – 2.

4.      With respect to the alleged actions and omission of Alvin Boecken, Mr. Nelson provides

the following opinions and conclusions in his report:

    a.   Mr. Boecken had an obligation to maintain a proper lookout at all times while operating
       his Commercial Motor Vehicle ("CMV");
    b.   Mr. Boecken had an obligation to effectively manage the space around his CMV at all
       times while under operation; and
    c.   Mr. Boecken had an obligation to initiate a safe lane change at all times while operating
       his CMV.

*Id.* at page 2.  To summarize his opinions even further, Mr. Nelson offered the following statement

in his report:

It is apparent that this collision was as a result of Mr. Boecken failing in his obligation to properly manage the area around his CMV while under operation by not keeping a proper lookout at all times and making an unsafe lane change.

*Id*. at page 3.

5.     On April 22, 2020, the oral and videotaped deposition of Mr. Nelson was completed. On May 7, 2020, Defendants' received a copy of the transcript from Mr. Nelson's deposition. Attached to this motion as Exhibit "B" is a true and correct copy of the deposition transcript for Mr. Nelson.

6.     This Motion to Limit the Testimony of Kerry V. Nelson includes a request to exclude the opinions of Mr. Nelson on reliability grounds pursuant to Rule 702. Pursuant to the Court's Scheduling Order, the deadline to file motions to challenge expert testimony pursuant to Rule 702 is within 11 days following receipt of the designated expert's report or within 11 days after obtaining a copy of the expert's deposition, whichever is later.[1]  Dkt. No. 7. This Motion is filed within 11 days of Defendants' receipt of Mr. Nelson's deposition transcript, and thus, is timely. *See id*.

## II. GROUNDS FOR MOTION

7.     Kerry Nelson's opinions regarding the alleged actions and omission of Alvin Boecken are unreliable and do not meet any of the requirements for admissibility of expert testimony under Federal Rule of Evidence 702. He did not perform any scientific analysis or attempt to independently verify any of the factual allegations offered by the parties in this case. Mr. Nelson's opinions are based on nothing more than his subjective interpretation of the events surrounding the accident, and does not assist the trier of fact to understand the evidence or to determine a fact issue. Accordingly, any opinions offered by Mr. Nelson with respect to the manner in which the

---

[1] Defendants reserve the right to supplement or amend this motion in the event additional information is discovered concerning Mr. Nelson's opinions and conclusions in this lawsuit.

accident occurred, and specifically his opinions as to the alleged actions and omissions of Alvin Boecken, should be excluded.

8.      In addition, Mr. Nelson improperly offers opinions concerning Defendants which are nothing more than an attempt to render legal conclusions related to Plaintiff's gross negligence cause of action.  The law is clear that an expert may not offer opinions on legal conclusions to be drawn from the evidence. Therefore, Mr. Nelson's efforts to render a legal conclusion on gross negligence should be excluded.

## III. LEGAL STANDARD

### A.  Standard for the Admissibility of Expert Testimony

9.      Federal Rule of Evidence 702 permits experts to testify as to "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or determine a fact in issue," if those opinions are deemed sufficiently reliable by the court as part of its gatekeeper role.  *See* Fed. R. Evid. 702.  Specifically, the rule evaluates reliability via a three factor test: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the expert has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.  The party seeking to offer opinion testimony has the burden to "demonstrate that the expert's findings and conclusions are based on the scientific method, and therefore, are reliable." *Turner v. Brunk*, No. 15-286, 2016 WL 11190298 at *1 (M.D. La. Dec. 6, 2016) (quoting *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)); *see also Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001).

10.      Trial courts act as the gatekeepers of expert testimony.  *See Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579, 590-93 (1993); *see also Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371-72 (5th Cir. 2000).  If an expert's testimony is challenged, the court conducts a preliminary fact-

finding to determine if the expert is qualified to provide his/her opinions and whether the substance of the testimony is both reliable and relevant. *See* Fed. R. Evid. 702; *see also* Fed. R. Evid. 104(a); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999)*; Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 352 (5th Cir. 2007).

11.    Even if the witness is qualified as an expert, the Court has the duty to determine whether the expert's opinions have the requisite reliability and relevance to be admissible. *Kuhmo Tire Ltd.*, 526 U.S. at 141. The ultimate goal of the "gatekeeping" requirement "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152; *see also Burleson v. Tex. Dep't of Crim. Justice*, 393 F.3d 577, 584 (5th Cir. 2004). Expert testimony must be reliable "at each and every step" because "[t]he reliability inquiry applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Graham v. San Antonio Zoological Society*, 261 F.Supp.3d 711, 727-28 (W.D. Tex. 2017), citing *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007).

12.    Expert testimony reliant on "completely unsubstantiated factual assertions" is inadmissible." *See Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007); *Moore v. Intl. Paint, LLC*, 547 Fed.Appx. 513, 515 (5th Cir. 2013). When an expert's testimony is not based on facts in the record, but rather, on altered facts and speculation designed to bolster a party's position, the trial court should exclude it. *See Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996). "A valid scientific theory misapplied because of the lack of sufficient factual foundation cannot be admitted because it does not assist and, indeed may ultimately confuse the fact finder."

*Fairley v. Clarke*, No. 02-2219, 2004 WL 877102 at *5 (E.D. La. Apr. 22, 2004) (*quoting Smithers v. C&G Custom Module Hauling*, 172 F.Supp.2d 765, 771 (E.D. Va. 2000)).

## IV. ARGUMENTS & AUTHORITY

### A. Kerry Nelson's Opinions Regarding the Accident are Unreliable and Do Not Meet the Standard for Expert Testimony

13.     The opinions offered by Kerry Nelson concerning the accident and the alleged actions and omissions of Defendant, Alvin Boecken, are unreliable and do not meet the requirements for admissibility of expert testimony under Federal Rule of Evidence 702.  Mr. Nelson's opinions are based on nothing more than his subjective interpretation of the events surrounding the accident. As the Supreme Court previously concluded in *Kumho Tire Co. Ltd. v, Carmichael*, 526 U.S. 137, 157 (U.S. 1999), "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert".  *Kumho Tire Co. Ltd. v, Carmichael*, 526 U.S. 137, 157 (U.S. 1999); *see also Bourelle v. Crown Equip. Corp.*, 220 F.3d 532, 539 (7th Cir. 2000) (concluding that "talking off the cuff" is not a reliable methodology in a products case).  If an expert's opinion merely sets forth conclusions without any indication of how those conclusions were reached, the expert's opinions will be of no assistance to the trier of fact.  *See id*.

14.     Plaintiff cannot establish Kerry Nelson's testimony satisfies any of the factors outlined in *Daubert*, and is based on anything beyond his subjective interpretation of the events.  There is no evidence Mr. Nelson's opinions have been tested, peer reviewed, or are generally accepted in the scientific community.  Mr. Nelson confirmed he has not performed any actual scientific research or reconstruction work to support his opinions.  He did not perform ***any*** calculations to support his opinions.  Exhibit "B" at page 44, lines 2 – 3.  The sheer lack of any independent analysis or investigation to support his opinions can be seen in his testimony found on pages 69 through page

74 of his deposition transcript. *Id*. at page 69, line 12 – page 74, line 18. Specifically, Mr. Nelson confirmed he did not attempt a reconstruction of the accident, nor did he inspect or measure any of the vehicles. *Id*. To be clear, he did not perform measurements of any kind in this case. *Id*. He also did not inspect the accident scene or review any videos or photographs of the scene. *Id*.

15. Mr. Nelson has not performed any speed calculations, and is instead simply relying on the testimony of Alvin Boecken and Jessica Perez. *Id*. In addition, he did not perform a crush analysis for the accident, and did not perform a comparative damage analysis beyond simply looking at the post-accident vehicle photos. *Id*. Mr. Nelson did not calculate the amount of time Ms. Perez was driving alongside Mr. Boecken's tractor-trailer before the accident. *Id*. He also did not calculate the amount of time elapsed between the moment Ms. Perez contends Mr. Boecken initially drove past her on the highway before the accident and the time of the accident. *Id*.

16. Despite the fact Mr. Nelson's conclusions are based in part on the opinion Alvin Boecken failed to maintain a proper lookout of his surroundings, he admits he did not actually inspect Mr. Boecken's tractor to perform a sight-line analysis. *Id*. at page 79, line 25 – page 81, line 25. In addition, he did not perform a sight-line analysis in order to verify what Ms. Perez was able to see from her vantage point at the time of the accident. *Id*. at page 77, line 9 – page 78, line 20. In sum, his opinions are not based on any scientific calculations or an analysis of any kind, but instead, his own subjective view of the events.

17. The purely subjective nature of Mr. Nelson's opinions is further highlighted in his testimony regarding Alvin Boecken's version of the accident. *Id*. at page 84, line 22 – page 89, line 8. As can be seen in the testimony, Mr. Nelson offers critical opinions of Mr. Boecken's version, but has to concede none of his opinions were supported by any scientific analysis or independent investigation. *See id*. Specifically, he cannot provide any analysis or calculations to

support his opinion Mr. Boecken should have seen the blue Toyota, which he contends cut him off on the highway immediately before the accident, had he been checking his side mirrors every three to five seconds. *See id.* He also did nothing to independently verify or confirm the amount of space between Mr. Boecken's vehicle and the blue Toyota after it cut him off on the highway. He is purely relying on the testimony of Alvin Boecken for this information. *See id.* Furthermore, he simply relies on his experience driving trucks when criticizing Mr. Boecken's contention he was able to shift his truck into neutral, apply his brakes, and check his mirrors before attempting to change lanes at the time of the accident. *See id.* In sum, Mr. Nelson admits he did not perform an accident reconstruction of this event or a simulation, as he agrees this was a simple lane change collision. *See id.*

18.     As stated above, Plaintiff's Designation of Expert Witnesses describes Mr. Nelson's opinions as if he were to offer testimony in this case as a biomechanical engineer. *See* Dkt. No 36 at page 9. However, Mr. Nelson confirmed in his deposition he is not biomechanical engineer nor a biomechanical expert of any kind. In addition, Mr. Nelson is not a physician or a human factors expert. Exhibit "A" at page 53, line 6 – 23. Mr. Nelson's opinions and testimony regarding Alvin Boecken are in the nature of attempted "accident reconstruction" type testimony. He attempts to offer opinions concerning Alvin Boecken's alleged failure to properly manage the area around his commercial motor vehicle by not keeping a proper lookout at all times and making an unsafe lane change. Exhibit "A" at page 3. However, this is the job of an accident reconstruction expert, and Mr. Nelson admits he did not perform an accident reconstruction to support his opinions in this case. Exhibit "B" at page 88, lines 20 - 24.

19.     The Western District of Texas previously reviewed Mr. Nelson's opinions in an almost identical scenario involving a lawsuit based on a motor vehicle accident. *See Alpizar v. John*

*Christner Trucking, LLC, et al*, SA-17-CV-00712-FB, 2019 WL 1643743 at \*9 - 10 (W.D. Tex. April 16, 2019)[2]. In *Alpizar v. John Christner Trucking, LLC, et al*, the Court was presented with a very similar situation in which Mr. Nelson was a retained expert for the Plaintiff, hired to provide opinions regarding the liability allegations against the defendant truck driver and motor carrier. *Id*. at \*9. The Court's review of Mr. Nelson's opinions revealed an almost identical lack of any independent investigation or scientific analysis necessary to provide admissible expert testimony. *See id*. at \*10. As in this case, Mr. Nelson failed in *Alpizar* to perform an actual scientific reconstruction, inspect or take pictures of the vehicles, inspect the scene, interview witnesses, or make any calculations or analysis as to speed. *See id*. Furthermore, Mr. Nelson admitted in *Alpizar* he simply reviewed the police report, deposition testimony, and the Federal Motor Carrier Safety Regulations and the Texas Commercial Motor Handbook to formulate his opinions. *Id*. Presented with almost identical facts as this case, the Court in *Alpizar* struck Mr. Nelson's opinions regarding the defendant driver's alleged actions. *Id*.

20.    The facts in this case align almost identically with *Alpizar* as Mr. Nelson used the same approach to review the evidence and formulate his purely subjective opinions. As with *Alpizar*, Mr. Nelson has done nothing more in this case than restate what he read in the Texas Peace Officer's Crash Report and the parties' depositions in order to render a conclusion supported only by his *ipse dixit*. This is not the correct foundation for an "expert" opinion. *See Orthoflex, Inc. v. Thermotek, Inc*., 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) ("Although in forming an independent opinion an expert can rely on information provided by a party's attorney, an expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him."); *see also*

---

[2] The U.S. Magistrate Judge's Report and Recommendation were adopted by the U.S. District Judge on May 17, 2019. *See Alpizar v. John Christner Trucking, LLC, et al*, SA-17-CV-00712-FB, 2019 WL 4087445 at \*2 (W.D. Tex. May 17, 2019).

*Spreadsheet Automation Corp, v. Microsoft Corp*., 587 F.Supp.2d 794, 797 (E.D. Tex. 2007) (expert who simply parrots the testimony of others, without any independent analysis, does not "assist the trier of fact to understand the evidence or to determine a fact in issue.").

21.     The factual basis of Mr. Nelson's testimony is solely information which is going to already be before the jury. The jury will be able to consider the deposition testimony of the witnesses, review the police report, review the photographs, and make its own common-sense determination of things such as whether Mr. Boecken failed to maintain a proper lookout of his surroundings before the accident.  The extent of any literature research performed by Mr. Leonard consisted of reviewing the Texas Commercial Motor Vehicle Drivers Handbook and Federal Motor Carrier Safety Regulations.  With respect to the alleged actions of Alvin Boecken, the only purpose the literature serves is to provide support for the various "obligations" Mr. Nelson contends Mr. Boecken had at the time of the accident.  *See* Exhibit "B", page 95, line 4 – page 99, line 23. However, as clearly established above, none of Mr. Nelson's opinion regarding the manner in which the accident occurred meet the standards for reliable expert testimony.  *See Orthoflex, Inc*., 986 F. Supp. 2d at 798; *Spreadsheet Automation Corp.,* 587 F.Supp.2d at 797.  Mr. Nelson's opinions as to any alleged failure of Mr. Boecken to comply with his "obligations" are unreliable, entirely subjective, and inadmissible under Rule 702.  *See id*.  Therefore, his opinions as to the obligations which Mr. Boecken had at the time of the accident are irrelevant and do nothing to assist the trier of fact.  *See id*.

22.     Expert testimony assists the trier of fact, and is thus admissible, only when the expert's knowledge and experience on a relevant issue are beyond that of the average juror, and the expert testimony helps the jury determine a fact issue or understand the other evidence. *See E.E.O.C. v. U-Haul Co. of Texas*, 2005 WL 2860987 *2 (S.D. Tex. 2005) and *Adkins Adjustment Service, Inc.*

*v. Blumhof*, 2001 WL 456352 *1 (N.D. Tex. 2001) (both citing *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex.2000) (per curiam)). Where, as here, the jury is equally competent to form an opinion on the ultimate fact issues, or the expert's testimony is within the jury's common knowledge, then the expert testimony is not necessary or helpful and should be excluded. *See id*. As Mr. Nelson confirmed, this is a case involving a simple lane change collision. *See* Exhibit "B" at page 88, line 25 – page 89, line 4. Accordingly, his testimony does nothing to assist the jury as it can render its own conclusions regarding the manner in which the accident occurred.

23.     As established above, Kerry Nelson did not perform any scientific analysis to confirm his opinions. He did not perform a single speed calculation, take any measurements, or perform any simulations or testing to verify the opinions he intends to offer. Instead, he intends to simply provide unverified opinions based off of reading the parties' deposition testimony and his *ipse dixit*. Mr. Nelson's testimony is completely unnecessary for the jury's own examination of the very same evidence. Put simply, Mr. Nelson's attempted "accident reconstruction" opinions are entirely driven by his own subjective interpretation of the events and testimony and are completely unreliable. *See Orthoflex, Inc*., 986 F. Supp. 2d at 798; *Spreadsheet Automation Corp.,* 587 F.Supp.2d at 797. According, the Court should exclude Mr. Nelson's opinions.

**B.  Kerry Nelson is Not Permitted to Offer Opinions About Gross Negligence and Alleged Injuries**

24.     An expert witness is not allowed to testify as to the law in a given case or how the law applies to the facts. *See Owen v. Kerr-McGee Corp*., 698 F.2d 236, 240 (5th Cir. 1983) (holding that "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant"). Attempts by an expert to offer more than factual based opinions are not permitted and should not be allowed. *See Albert Sidney Johnson Chapter, Chapter 2060 v. City of San Antonio*, 2018 WL 5114150 *4 (W.D. Tex., October 18,

2018) (the court, not the expert, is responsible for instructing the jury on the law governing the case). Put simply, an expert witness may not provide legal conclusions. *See id*. at 4.

25.     Mr. Nelson states at the conclusion of his report, "…CAB Transport allowed an unqualified and unsafe driver to operate a CMV on their behalf. Mr. Boecken had an obligation to operate his CMV in a safe manner and failed in that obligation. As a result, both CAB Transport and Mr. Boecken consciously disregarded the safety and welfare of the motoring public creating a risk of serious injury or death should a collision occur." Exhibit "A" at page 5. Mr. Nelson clearly attempts to offer a legal conclusion related to Plaintiff's gross negligence cause of action, which requires the Plaintiff prove by clear and convincing evidence that Defendants committed an act or omission: (1) which when viewed objectively from the standpoint of an actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to others; and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code §41.001(11).

26.     Mr. Nelson's opinions that "CAB Transport and Mr. Boecken consciously disregarded the safety and welfare of the motoring public" are clearly an effort to offer a legal conclusion regarding the Plaintiff's gross negligence claim, and invade the Court's province. Any opinions offered by Mr. Nelson concerning Alvin Boecken's actions have been established as unreliable and inadmissible as expert testimony. Furthermore, Mr. Nelson admits he is not a physician, a biomechanical engineer, and will not be offering any opinions regarding the alleged injuries in this case. *See Exhibit* "B" at page 53, lines 6 – 20. Therefore, any opinions offered by Mr. Nelson concerning Plaintiff's gross negligence allegations should be excluded as well as his completely unsupported opinions regarding "the risk of serious injury or death should a collision occur," which

he is clearly not qualified to offer. *See Owen,* 698 F.2d at 240; *See Albert Sidney Johnson Chapter*, 2018 WL 5114150 *4.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Motion to Limit the Testimony of Plaintiff's Designated Expert Witness Kerry V. Nelson be granted in its entirety, limiting for the purposes stated herein the testimony of Kerry V. Nelson, and for such other and further relief to which these parties are justly entitled.

Respectfully submitted:

**THORNTON, BIECHLIN,
REYNOLDS & GUERRA, L.C**
100 N.E. Loop 410, Suite 500
San Antonio, TX  78216
Telephone:     (210) 342-5555
Facsimile:     (210) 525-0666

BY _____
R. Sean Page
Federal ID No. 00784713
Texas Bar No. 00784713
spage@thorntonfirm.com
Jeffrey K. Finley
Federal ID No. 24062484
Texas Bar No. 24062484
jfinely@thorntonfirm.com
**Attorneys for Defendants**

## CERTIFICATE OF CONFERENCE

The undersigned certifies he conferred with counsel for Plaintiff regarding this motion and counsel for Plaintiff advised his client opposes the motion.

_____

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the Federal Rules of Civil Procedure, on May 11,  2020, to the following counsel of record:

**DAVIS LAW FIRM**
Robert O. Fischel
10500 Heritage Blvd., #102
San Antonio, Texas 78216

_____
Jeffrey K. Finley