IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA PEREZ, INDIVIDUALLY AND AS NEXT FRIEND OF KH AND MH, MINOR CHILDREN; | § § § § | SA-19-CV-00375-XR |
| *Plaintiff,* | § § | |
| vs. | § § | |
| ALVIN BOECKEN, JIM BALLARD, | § § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Defendants' Opposed Motion to Compel Supplemental Production of Records from Foundation Surgical Hospital of San Antonio [#54]. The District Court referred the motion to the undersigned for disposition on May 12, 2020, and the undersigned held a telephonic hearing on the motion on May 22, 2020. Counsel for Plaintiff, Defendants, and non-party Foundation Surgical Hospital of San Antonio ("Foundation") appeared through counsel. Prior to the hearing, the parties filed a Joint Advisory [#61] setting forth their respective positions on the motion, and Defendants filed a Supplemental Brief in further support of their motion [#62]. At the close of the hearing, the parties agreed to the undersigned's *in camera* review of the disputed discovery. Having considered the parties' written filings, the arguments of the parties at the hearing, and the undersigned's *in camera* review of the discovery at issue, the Court will grant Defendants' motion to compel.

## I.  Background

This case arises out of a motor-vehicle collision between a car operated by Plaintiff Jessica Perez and a commercial vehicle driven by Defendant Alvin Boecken in the course of his employment with Defendant Jim Ballard d/b/a CAB Transport. Keegan Hillsman and Morgan

1

Hillsman, Plaintiff's minor children, were passengers in Plaintiff's car at the time of the accident. Plaintiff filed this lawsuit on behalf of herself and as next friend of her children against Defendants, alleging various theories of negligence and seeking damages for her alleged injuries stemming from the accident.  (Orig. Compl. [#1].)  Plaintiff's claimed damages include past and future reasonable and necessary medical care and expenses related to these injuries.  (*Id.* at 4.)

After the accident, Plaintiff sought treatment with various medical providers for her alleged injuries, including Foundation.   On August 2, 2019, a Notice of Intention to Take Deposition by Written Questions with accompanying Subpoena Duces Tecum was served on behalf of Defendants to the Custodian of Records for Foundation.  (Notice and Subpoena [#54-1] at 4–8.)  The subpoena directs Foundation to produce the following:

> ANY AND ALL BILLING RECORDS (INCLUDING ITEMIZED BILLING STATEMENTS) FROM 10/19/2017 TO THE PRESENT, including but not limited to any type of records reflecting any payment(s) by Medicare and/or any insurance company(ies); any type of records reflecting any reductions or write-offs regarding the costs of services rendered; any type of correspondence which was sent to and/or received from the patient, any attorney(s) representing the patient and/or any other person/entity with regard to any attempt(s) to collect payment for services rendered; any Letters of Protection; and printouts of any type of data stored in electronic format (e.g., computer hard-drives, diskettes, tapes, and/or CD-ROMs).

(*Id.* at 7.)  It is undisputed that neither Foundation nor Plaintiff filed any timely objections, a motion to quash, or a motion for protective order in response to the notice and subpoena and that the time to do so has expired.

On September 24, 2019, Defendant received responses to the deposition by written questions and subpoena from Foundation.  In the written answers, Foundation stated that a payment of $18,000 was made by Plaintiff for medical expenses incurred at the facility.  (Sworn Responses [#54-1] at 10–11.)  This was the only amount identified as being paid of the $227,000

2

billed to Plaintiff.  (*Id.* at 10.)  Foundation did not produce any documents reflecting the payment of $18,000 other than a two-page billing worksheet itemizing various expenses for treatment provided to Plaintiff.  (Billing Records [#54-1] at 13–14.)

Plaintiff's oral deposition was taken on September 12, 2019.  During the deposition, Plaintiff testified that she did not have any health insurance at the time of the accident.  (Pl. Dep. [#54-2] at 4.)  Plaintiff also denied paying any medical expenses incurred for treatment following the accident or having any knowledge of such a payment being made on her behalf by a third party.  (*Id.* at 4–5.)

Months later, on May 6, 2020, counsel for Defendants conferred with Foundation's attorney regarding Foundation's answers to the written deposition questions and the absence of any records reflecting payment by Plaintiff in the amount of $18,000.  (Correspondence [#54-3] at 2–3.)  Foundation's counsel responded via email that he was objecting to the disclosure of any information regarding the identity of the collateral source that made the payment.  (*Id.* at 2.) Defendants thereafter filed the motion to compel currently before the Court, which asks the Court to compel Foundation to supplement its production in response to the August 2, 2019 subpoena with any additional information and supporting documentation regarding the payments made on behalf of Plaintiff.

## II.  Analysis

The Court will grant the motion to compel.  Plaintiff maintains that the requested information related to the identity of the collateral source making a payment on behalf of Plaintiff is not responsive to the August 2, 2019 subpoena and therefore production is not required.  Foundation indicated at the Court's hearing that it does not have a position on whether this information is responsive to the subpoena but concedes it was omitted from its original

production.  Foundation also admits that it did not object to the scope of the subpoena at the time it was served.  At the hearing on Defendants' motion, the parties agreed that the best way to determine whether the documentation in Foundation's possession was responsive to the subpoena was for the undersigned to review the document *in camera*.  The undersigned has done so and finds the document to be responsive to the August 2, 2019 subpoena.

The document submitted to the Court is correspondence from Plaintiff's attorney and a copy of a check dated September 24, 2018 for $18,000 signed by Plaintiff's attorney.  The letter indicates that the check is a deposit for fees incurred for a surgical procedure scheduled to be performed in November 2018 and instructs Foundation to bill Plaintiff as "self-pay" but not to include any attorney information in "HCFA" records and to send all future bills to the Davis Law Firm.  Plaintiff argues that this document is not a record "reflecting any payment(s) by Medicare and/or any insurance company(ies)" and therefore is non-responsive to the subpoena.  But the subpoena expressly requested "<u>any and all</u> billing records" (including records of payments) and was not limited to those payments made by Medicare or insurance companies.  To the contrary, the subpoena language is explicit that the Medicare and insurance records are but two examples of the types of payment records being requested, as it says "including ***but not limited*** to any type of records reflecting any payment(s) by Medicare and/or any insurance company(ies)."  Because the document submitted to the Court was responsive to the subpoena, it should have been produced.

It is too late for Plaintiff or Foundation to now object to the production.  The Federal Rules of Civil Procedure permit the discovery "of any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  A person commanded to produce materials may resist such subpoena by timely serving objections or asserting privileges within 14

4

days after service of the subpoena.   Fed. R. Civ. P. 45(d)(2)(B).   A failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown.  *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D 39, 43 (N.D. Tex. 2015).   Any objection to the August 2, 2019 subpoena on the grounds of relevance, proportionality, or any other ground should have been filed by August 16, 2019.   Foundation has failed to identify any good cause for the failure to produce the correspondence from Plaintiff's attorney with its other billing records in September 2019.

Finally, Plaintiff has not established that the document is subject to the attorney-client privilege.  *See Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985) ("The burden of demonstrating the applicability of the privilege rests on the party who invokes it.").   The privilege is to be strictly construed and requires evidence of an intent that the communication remain confidential.  *See United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976).   A communication that would otherwise be privileged loses its protection if it is shared with a third party who does not have a common legal interest with the client.  *See In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992).   The document at issue is not subject to the attorney-client privilege simply because it is correspondence from Plaintiff's attorney.   The communication is directed to Foundation, one of Plaintiff's medical providers and a third party outside of the attorney-client relationship.   The fact that Foundation was a party to the communication is sufficient to show that the correspondence was not private or confidential.  *In re LTV Securities Litig.*, 89 F.R.D. 595, 603–04 (N.D. Tex. 1981) ("[T]he communication must have been made and maintained in confidence under circumstances where it is reasonable to assume that disclosure to third parties was not intended."); *see also United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976) ("It is vital to a claim of privilege that the communication have

been made and maintained in confidence.")).  Because the document is not privileged and is responsive to the subpoena,

**IT IS HEREBY ORDERED** that Defendants' Opposed Motion to Compel Supplemental Production of Records from Foundation Surgical Hospital of San Antonio [#54] is **GRANTED**.

**IT IS FURTHER ORDERED** that Foundation supplement its answers to the August 2, 2019 deposition by written questions and shall produce all documents requested in the accompanying subpoena on or before **May 29, 2020**.

SIGNED this 26th day of May, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE