IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JESSICA PEREZ, INDIVIDUALLY AND §<br>AS NEXT FRIEND OF KH AND MH, §<br>MINOR CHILDREN, §<br>      *Plaintiff*, §<br>§<br>v. §<br>§<br>ALVIN BOECKEN, JIM BALLARD, §<br>      *Defendants*. §<br>§ | SA-19-CV-00375-XR |

## ORDER

On this date, the Court considered Plaintiff's objections to the May 26, 2020 order of Magistrate Judge Chestney (ECF No. 69), non-party movant Foundation Surgical Hospital of San Antonio's ("Foundation") motion for extension of time to comply with that same order (ECF No. 70), and Defendants' response (ECF No. 72). After careful consideration, the Court issues the following order.

## BACKGROUND

This case is brought by Plaintiff Jessica Perez ("Plaintiff"), on her own behalf and on behalf of her minor children, for damages arising from a motor vehicle collision. Plaintiff alleges that on October 19, 2017, she was lawfully operating her vehicle when she was struck by a commercial motor vehicle driven by Defendant Alvin Boecken ("Boecken") in the course and scope of his employment with Defendant Jim Ballard d/b/a CAB Transport ("CAB Transport"). ECF No. 1 ¶¶ 6. Plaintiff's minor children, Keegan and Morgan Hillsman, were passengers in Plaintiff's car at the time of the collision. *Id.* Plaintiff claims that she suffered severe and permanent bodily injuries as a direct and proximate result of the collision, and she seeks damages

including past and future reasonable and necessary medical care and expenses related to these injuries.  *Id.* ¶¶ 8–9.

Foundation, who is not a party to this action, was one of Plaintiff's medical providers for her alleged injuries following the collision. On August 2, 2019, Defendants served on Foundation a Notice of Intention to Take Deposition by Written Questions with an accompanying Subpoena Duces Tecum (ECF No. 54-1).  The subpoena directed Foundation to produce:

> ANY AND ALL BILLING RECORDS (INCLUDING ITEMIZED BILLING STATEMENTS) FROM 10/19/2017 TO THE PRESENT, including but not limited to any type of records reflecting any payment(s) by Medicare and/or any insurance company(ies); any type of records reflecting any reductions or write-offs regarding the costs of services rendered; any type of correspondence which was sent to and/or received from the patient, any attorney(s) representing the patient and/or any other person/entity with regard to any attempt(s) to collect payment for services rendered; any Letters of Protection; and printouts of any type of data stored in electronic format (e.g., computer hard-drives, diskettes, tapes, and/or CD-ROMs).

*Id.*  Neither Foundation nor Plaintiff filed any timely objections, a motion to quash, or a motion for protective order in response to the notice and subpoena.

On September 12, 2019, Plaintiff was deposed and she testified that she did not have health insurance at the time of the accident, that she had not paid out-of-pocket for any of her medical expenses, and that she did not have any knowledge of any of her medical expenses being paid by any other individual or entity.  Dep. of Jessica Perez 179:9–22, ECF No. 54-2 (hereinafter, "Perez Dep.").

Less than two weeks later, on September 24, 2019, Defendants received responses from Foundation to the written questions and subpoena.  In response to a written question requesting "the dollar amount…that [Foundation] has been paid for services rendered to [Plaintiff] from 10/19/2017 to the present," Foundation responded: $18,000.00.  ECF No. 54-1 at 10.  In

response to a written question requesting "the names of ALL ENTITIES (whether person, insurance company, Medicaid or Medicare) that have paid for any expenses resulting from services rendered to [Plaintiff] from 10/19/2017 to the present," Foundation responded: Jessica Perez. *Id.* Foundation did not produce any documents reflecting the $18,000 payment or any other payments made; it did produce an itemized two-page billing statement showing various expenses for treatment provided to Plaintiff, totaling $227,070.54. *Id.* at 13–14.

Over seven months later, on May 6, 2020, counsel for Defendants conferred with Foundation's attorney and requested documentation to reflect or support an $18,000.00 payment made by or on behalf of Plaintiff. ECF No. 54-3. Counsel for Plaintiff responded that he was "objecting to the hospital disclosing any information regarding the identity of the collateral source that made the payment." *Id.* Defendants subsequently filed a Motion to Compel Supplemental Production of Records from Foundation (ECF No. 54). Pursuant to Rule 72, this Court referred that motion to Magistrate Judge Chestney, who conducted a telephonic hearing on the motion on May 22, 2020.

During that hearing, the parties agreed that the best way to determine whether the documentation in Foundation's possession was responsive to the subpoena was for Magistrate Judge Chestney to review the documents *in camera*. Magistrate Judge Chestney did so, and found that:

> The document submitted to the Court is correspondence from Plaintiff's attorney and a copy of a check dated September 24, 2018 for $18,000 signed by Plaintiff's attorney. The letter indicates that the check is a deposit for fees incurred for a surgical procedure scheduled to be performed in November 2018 and instructs Foundation to bill Plaintiff as "self-pay" but not to include any attorney information in "HCFA" records and to send all future bills to the Davis Law Firm.

ECF No. 66 at 4. Magistrate Judge Chestney found this document to be responsive to the August 2, 2019 subpoena. *Id.* She also found that no timely objection was made to the subpoena by

either Plaintiff or Foundation, and that the document was not privileged. *Id.* at 4–5. Accordingly, in a written order granting Defendants' Motion to Compel, Magistrate Judge Chestney ordered Foundation to supplement its answers and produce all responsive documents to Defendants on or before May 29, 2020. *Id.* at 6.

On June 2, 2020, Plaintiff timely filed her objections to Magistrate Judge Chestney's order. ECF No. 69. The next day, Foundation filed its motion seeking an extension of time to comply with Magistrate Judge Chestney's order until the Court ruled on Plaintiff's objections. ECF No. 70. Defendants timely filed a response to Plaintiff's objections and opposing Foundation's motion for an extension. ECF No. 72.

## DISCUSSION

### I. Legal Standards

Rule 72 provides that once a magistrate judge issues an order on a nondispositive matter, a party may serve and file objections to the order within 14 days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

### II. Application

Plaintiff brings three objections to Magistrate Judge Chestney's order.[1] First, Plaintiff argues the documents Foundation possesses are irrelevant (or otherwise fail the proportionality test for production) because Plaintiff did not have or use health insurance to cover any of her

---

[1] The Court notes that Plaintiff filed her objections citing Rule 72(b)(2), which covers objections to a recommended disposition by a magistrate judge on dispositive motions. This section is inapplicable to Magistrate Judge Chestney's order granting Defendants' motion to compel, which is a nondispositive matter covered by Rule 72(a). *Compare* FED. R. CIV. P. 72(a) *with* 72(b).

medical expenses and Foundation did not bill or seek reimbursement from a health insurance (payor-provider). ECF No. 69 ¶ 1. Next, Plaintiff argues the supplemental discovery is not proportional to the needs of the case and is confidential, and if production is allowed it will have a chilling effect on a patient's ability to obtain healthcare when in litigation. *Id.* ¶ 2. Finally, Plaintiff argues the requested records are not admissible for any purpose at trial, and therefore their production cannot lead to the discovery of admissible evidence. *Id.* ¶ 3.

Plaintiff has failed to raise any objection to Magistrate Judge Chestney's order that rises to the level of "clearly erroneous or contrary to law." Magistrate Judge Chestney found the document to be responsive to the subpoena, and this Court agrees. Defendants' request was not limited to billing records related to health insurance, but rather requested "any and all billing records," including records of payments. Plaintiff's objection based on proportionality was not timely made, and in any case lacks merit as Foundation has already located the document and has no objection to producing it to Defendants. This Court has already noted in this case that for Plaintiff's claimed damages for reasonable and necessary medical care and expenses, "the amount actually paid or incurred by or on behalf of" Plaintiff is relevant. ECF No. 37 at 4 (citing TEX. CIV. PRAC. & REM. CODE § 41.0105). Therefore, the Court will **AFFIRM** Magistrate Judge Chestney's May 26, 2020 order.

## CONCLUSION

For the reasons stated herein, the May 26, 2020 order of Magistrate Judge Chestney (ECF No. 66) is **AFFIRMED**. Foundation's Motion for Extension of Time (ECF No. 70) is **DISMISSED** as moot. Foundation is ordered to supplement its answers to the August 2, 2019 deposition by written questions and produce all documents requested in the accompanying subpoena immediately, no later than **June 15, 2020**.

It is so **ORDERED**.

**SIGNED** this 12th day of June, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE