**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JESSICA PEREZ, INDIVIDUALLY AND AS NEXT FRIEND OF KH AND MH, MINOR CHILDREN, | § § § § | **SA-19-CV-00375-XR** |
| *Plaintiff*, | § § | |
| v. | § § | |
| ALVIN BOECKEN and JIM BALLARD, | § | |
| *Defendants*. | | |

## <u>ORDER</u>

On this date, the Court considered Defendants' Motion for Summary Judgment (ECF No. 53), Plaintiff's Response (ECF No. 65), and Defendants' Reply (ECF No. 68).  After careful consideration, the Court will **GRANT IN PART** and **DENY IN PART** the motion.

## BACKGROUND

This case is brought by Plaintiff Jessica Perez, on her own behalf and on behalf of her minor children ("Plaintiff"), for damages arising from a motor vehicle collision.  On October 19, 2017, Plaintiff was driving her Kia Optima northbound in the far-right lane of IH 35 S in Comal County, Texas.  ECF No. 53-1, App. to Defs.' Mot. for Summ. J. [hereinafter "Defs.' App."] 5–8, Texas Peace Officer's Crash Report [hereinafter "Crash Report"].  Plaintiff's minor children, Keegan Hillsman and Morgan Hillsman, were passengers in her vehicle.  *Id.*; ECF No. 1, Pl.'s Compl. [hereinafter "Pl.'s Compl."] ¶ 6.  Defendant Alvin Boecken ("Boecken"), driving a tractor-trailer, was traveling alongside and to the left of Plaintiff in the right-center lane.  Crash Report at 6.  Sometime after 7:00 p.m. around the 1200 block of IH 35 S, Boecken began to make a lane change into the right lane.  *Id.*; Pl.'s Compl. ¶ 6.  The front right corner of Boecken's tractor cab

struck Plaintiff's driver's side door, causing the collision that is the basis of this lawsuit.  Crash Report at 6; Pl.'s Compl. ¶ 6.

Boecken claims that at the time of the collision, an unnamed driver operating a blue Toyota was traveling to the left of Boecken in the left lane at a high rate of speed.  Defs.' App. 17–38, Dep. of Alvin Boecken, [hereinafter "Boecken Dep."] 38:16–40:14.  According to Boecken, the Toyota driver cut him off, changing lanes in front of him, which caused Boecken to shift into neutral, slam on his brakes, and attempt to merge into the right lane as an evasive maneuver.  *Id.* 40:11–25, 41:23–42:10.  Boecken testified that after he slammed on his brakes, he checked his mirrors and did not observe any vehicles to his right before he started to merge and struck Plaintiff's vehicle.  *Id.* 42:4–6.  Plaintiff disputes that there was another car to the left of Boecken: she testified that she was on the highway for five to seven minutes before the collision driving alongside Boecken and that she did not see another vehicle in front of Boecken at the time of the collision.  ECF No. 65-1, App. to Pl.'s Resp. [hereinafter "Pl.'s App."] 8–77, Dep. of Jessica Perez [hereinafter "Perez Dep."] 76:19–77:10.  Boecken claims that he told the police about the Toyota that cut him off, but there is no reference to a third vehicle in the crash report.  Boecken Dep. 45:10–17; Crash Report.

It is undisputed that at the time of the collision Boecken was operating the tractor-trailer as a commercial motor vehicle in the course and scope of his employment with Defendant Jim Ballard d/b/a CAB Transport ("CAB Transport").  Crash Report; Pl.'s Compl. ¶ 6; Defs.' App. 10 (stipulating the same).  Plaintiff claims that as a direct and proximate result of this collision, she suffered severe and permanent bodily injuries.  ECF No. 1, Pl.'s Compl. [hereinafter, "Pl.'s Compl."] ¶ 8.  Plaintiff seeks the following damages:

    a)  Reasonable medical care and expenses in the past…;
    b)  Reasonable and necessary medical care and expenses…in the future;

      c)  Physical pain and suffering in the past;

      d)  Physical pain and suffering…in the future;

      e)  Physical impairment in the past;

      f)  Physical impairment…in the future;

      g)  Lost wages in the past;

      h)  Loss of earning capacity…which will…be incurred in the future;

      i)  Mental anguish in the past;

      j)  Mental anguish which will…be suffered in the future;

      k)  Fear of future disease or condition;

      l)  Disfigurement;

      m) Cost of medical monitoring and prevention in the future; and

      n)  Loss of household services.

Pl.'s Compl. ¶ 9.  Plaintiff also seeks exemplary damages.  *Id.* ¶ 12.

Plaintiff brings various claims sounding in negligence against both Defendants.  As to Boecken, Plaintiff claims that his various acts and omissions constitute negligence, negligence *per se*, and gross negligence.  *Id.* ¶ 14–17.  Plaintiff claims CAB Transport is liable under *respondeat superior* and under various direct theories of negligence, negligence *per se*, and gross negligence for negligent hiring, training, supervision, and retention; failure to properly maintain or adequately inspect the vehicle; and failure to implement adequate safety programs to prevent collisions and monitor and train its drivers.  *Id.* ¶ 18.  Defendants move for summary judgment as to all of Plaintiff's claims against them.

## DISCUSSION

### I.    Summary Judgment Standard

A court will grant summary judgment if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006).  To establish that there is no genuine issue as to any

material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, demonstrate that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323).

Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams*, 465 F.3d at 164; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams*, 465 F.3d at 164.

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Mere conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, and hearsay evidence (unless within a recognized exception) are not competent summary judgment evidence. *Walker v. SBC Servs., Inc.*, 375 F. Supp. 2d 524, 535 (N.D. Tex. 2005) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995)).

In ruling on summary judgment, a court must view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in its favor. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). A court "may not make credibility

determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

## II.   Application

Defendants argue that summary judgment is proper because the available evidence negates the existence of essential elements of Plaintiff's claims, or alternatively because there is no evidence to support an essential element of her claims.  Defs.' Mot. ¶¶ 1–2 (citing *Celotex*, 477 U.S. at 322–25).  All of Plaintiff's claims sound in negligence, which under Texas law has three elements: "1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach."  *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).

### a.   Negligent Maintenance and Inspection

First, Defendants argue that Plaintiff cannot show the breach of duty necessary to support her claim of negligent maintenance and inspection.  According to Defendants, Plaintiff has developed no evidence of a mechanical failure of any kind in either the tractor or the trailer involved in the collision which resulted in or contributed to the accident.  Defs.' Mot. ¶ 8. Defendants have produced evidence that Boecken performed his pre-trip inspection, ensuring that the tractor and trailer were safe and that his load was properly tarped and secured.  *Id.* (citing Boecken Dep. 29:25–32:7 (describing Boecken's pre-trip inspection and load tie-down before the collision)).  Defendants also point out that the investigating officer who responded to the collision did not issue any citation to Boecken regarding defective equipment or mechanical malfunction. *Id.* (citing Crash Report).  Plaintiff does not respond to this argument in any way.  *See generally* ECF No. 65, Pl.'s Resp. to Defs.' Mot. for Summ. J. [hereinafter "Pl.'s Resp."].

As with all claims of negligence, to prove CAB Transport is liable for negligent failure to maintain or inspect a vehicle, Plaintiff must show that CAB Transport breached a legal duty to

maintain or inspect that caused Plaintiff's injuries.  *See Van Horn*, 970 S.W.2d at 544.  Assuming such a duty exists, Plaintiff points to no evidence that CAB Transport failed to maintain or inspect the tractor-trailer involved in the collision.  The Court finds that Defendants have carried their summary judgment burden on the negligent maintenance and inspection claim against CAB Transport.  *See Celotex*, 477 U.S. at 322–23 ("Rule 56(c) mandates the entry of summary judgment…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.").  Defendants have successfully pointed to Plaintiff's failure to adduce any evidence on this essential element; they have also gone beyond their summary judgment obligation and produced evidence that negates the allegation that CAB Transport breached any duty to maintain or inspect the vehicle.  *Id.* at 323; *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ("[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case.") (emphasis in original).  Plaintiff has failed to raise any genuine issue of material fact on this claim, and therefore CAB Transport is entitled to judgment as a matter of law on Plaintiff's negligent maintenance and inspection claim.

      b.   Negligent Hiring, Training, Supervision, and Retention

Next, CAB Transport argues that Plaintiff's negligent hiring, training, supervision, and retention claim against it ("negligent hiring" for brevity's sake) fails as a matter of law for one of two alternative reasons: (1) Plaintiff cannot meet her burden of proving all elements of the claim, or (2) CAB Transport has already stipulated that Boecken was acting in the course and scope of his employment.

> *i. Has Plaintiff adduced evidence on the elements of negligent hiring to survive summary judgment?*

First, CAB Transport argues Plaintiff cannot prove all elements of a negligent hiring claim—specifically, that she cannot demonstrate a breach of duty by CAB Transport. Defs.' Mot. ¶ 15. According to CAB Transport, Boecken was a competent employee who was fit for the role of commercial truck driver and who had a valid commercial driver's license ("CDL") at the time of the collision. *Id.* Boecken was employed as a driver for CAB Transport for eleven years prior to the collision, and he had no accidents and only one speeding ticket in the five years prior to the accident. *Id.*

Plaintiff urges that there is evidence that CAB Transport acted negligently in hiring Boecken. Specifically, she responds that CAB Transport failed to comply with multiple federal regulations found in the Federal Motor Carrier Safety Regulations ("FMCSRs") when hiring and retaining Boecken. Specifically, a motor carrier is required to:

- Make an investigation and inquiries into the driver's 3-year work history and safety performance with the Department of Transportation;
- Check its driver's driving record yearly;
- Receive from its driver medical certification before allowing the driver to drive;
- Conduct a pre-employment controlled substance test before the driver is allowed to drive;
- Conduct random drug testing;
- Maintain documents of all of the above in a driver qualification file throughout the driver's employment and for three years thereafter.

According to Plaintiff, CAB Transport did not have any of these documents. Pl.'s Resp. 3 (citing Pl.'s App.).

Defendants reply that Plaintiff's negligent hiring claim is based on "nothing more than pure speculation" because "Plaintiff ***assumes*** the inability of CAB Transport to produce specific documents related to the employment of Alvin Boecken means the documents never existed" and "concludes the absence of documents…means CAB Transport did not undertake certain actions

related to the employment of Mr. Boecken." ECF No. 68, Defs.' Reply ¶ 10 (emphasis in original). Defendants' issue with the facts Plaintiff relies upon seems to be that "Plaintiff jumps to these conclusions without having deposed Jim Ballard, a corporate representative for CAB Transport, or taking any further measures to develop evidence for these claims." *Id.* ¶ 11.

But Plaintiff is not required to depose a corporate representative for CAB Transport in order to defeat summary judgment. She is merely required to demonstrate that there is a genuine issue of material fact for trial. *Adams*, 465 F.3d at 164. Rule 56(c) provides that a "party asserting that a fact…is genuinely disputed must support the assertion by…citing to particular parts of materials in the record, including depositions, documents…admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1). Here, Plaintiff cites to parts of the record that support her contention that CAB Transport violated several federal regulations in its hiring and retention of Boecken. Specifically, she points to CAB Transports' responses to her requests for the production of Boecken's driving record and full driver qualification file, including the documents required to be maintained under the FMCSRs. Pl.'s Resp. 3; Pl.'s App. 228, 232–33. In response to those requests, CAB Transport represented that it had no documents reflecting Boecken's driving record in its possession, and it appears to have produced a mere eight pages related to his driver qualification file. Pl.'s App. 228, 232–33, 250. Plaintiff also points to correspondence with counsel for Defendants, where after Boecken's deposition Plaintiff again requested "documents that have not been produced" including "[d]river's logs, full DQ file, Boecken's driving record among other things." Pl.'s App. 250. In response, Defendants reaffirmed that they did not have any documents related to Boecken's driving record, and they did not produce any additional documents responsive to the other requests. *Id.* This is more than mere speculation by Plaintiff. The evidence in the record, taken in the light most favorable to Plaintiff, supports the inference

that CAB Transport did not have or maintain documents required by the FMCSRs related to its hiring and retention of Boecken.

Texas courts have repeatedly held that motor carriers have a duty to qualify their drivers and to take reasonable precautions to prevent injury to the public by those drivers. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49–50 (Tex.App.—Fort Worth 2002, no pet.) (citing *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 810 (Tex.App.—Austin 1997, no writ)). Plaintiff has raised a genuine issue of material fact as to whether CAB Transport complied with applicable regulations in qualifying Boecken to operate a commercial motor vehicle on their behalf. A reasonable jury could conclude that CAB Transport negligently hired Boecken, and therefore summary judgment is not warranted on this basis.

### ii. Does CAB Transport's stipulation defeat Plaintiff's negligent hiring claim?

That is not, however, where the Court's inquiry ends. CAB Transport also argues that because it has stipulated that Boecken was acting in the course and scope of employment at the time of the collision, independent claims of negligent hiring against CAB Transport are not actionable. Defs.' Mot. ¶ 16; Defs.' App. 10–11 (stipulating Boecken was acting in the course and scope of his employment for CAB Transport and that CAB Transport is vicariously responsible for the acts and/or omissions, if any, of Boecken). Essentially, Defendants argue that since CAB Transport can be held vicariously liable for Boecken's actions under *respondeat superior*, this excludes the direct negligence claim against them. Plaintiff does not specifically respond to this argument.

"Under the doctrine of *respondeat superior*, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong." *Baptist Mem'l Hosp.*

*Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).  Defendants rely on the well-established principle in Texas law that "[w]here only ordinary negligence is alleged, the case law supports [the] contention that negligent hiring or negligent entrustment and *respondeat superior* are mutually exclusive modes of recovery."  *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex.App.—Dallas 2002, pet. denied) (citing *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex.App.—Tyler 1979, writ ref'd n.r.e.)).  This is because "[o]nce the applicability of the *respondeat superior* doctrine is established, the competence or incompetence of the servant and the care which was exercised in his employment are immaterial issues.  The master is liable for the acts of the servant whether the servant is competent or not."  *Estate of Arrington*, 578 S.W.2d at 178.  Thus, "where the derivative liability of the owner has already been established by an admission or stipulation of agency or course and cope of employment," courts have refused to permit plaintiffs to proceed with a separate ground of recovery against the owner based on a theory of direct negligence.  *Id.* (collecting cases).

This principle is limited, though, to situations where only ordinary negligence is alleged against the employer.  "[A] different situation is presented where the plaintiff has alleged…gross negligence against the owner for entrusting his vehicle to a reckless or incompetent driver."  *Id.* at 178–79.  "In such cases, the courts have recognized" that direct negligence claims against the employer "would be an independent and separate ground of recovery…for exemplary damages."  *Id.* at 179 (collecting cases).  The question for this Court, then, is whether Plaintiff has raised a plausible claim of gross negligence against CAB Transport.  If so, Plaintiff may maintain a claim for negligent hiring that provides a basis for recovery separate and apart from her claim for vicarious liability under *respondeat superior*.  If not, no separate basis for recovery exists, and CAB Transport is entitled to summary judgment on Plaintiff's negligent hiring claim.  *See*

*Rutherford v. Joe Rud Trucking, Inc.*, No. SA13CA856FBHJB, 2015 WL 12571379, at *5 (W.D. Tex. July 1, 2015), *report and recommendation adopted*, No. SA-13-CV-856-FB, 2015 WL 12552021 (W.D. Tex. July 29, 2015) (granting summary judgment on negligent entrustment claim where plaintiff failed to present sufficient evidence on gross negligence claim).

As explained below, Plaintiff has failed to raise a genuine issue of material fact as to her gross negligence claim against CAB Transport. *See infra* Section II(d). Therefore, Plaintiff's *respondeat superior* claim against CAB Transport and her negligent hiring claim are mutually exclusive, and summary judgment is warranted as to the latter. *See Rutherford*, 2015 WL 12571379, at *5. The Court will grant Defendants' motion on this basis and dismiss the negligent hiring claim against CAB Transport.

c. Causation

Defendants argue that proximate causation is an essential element of all of Plaintiff's negligence claims, and that "all of Plaintiff's negligence causes of action must be dismissed as a matter of law, because the element of injury causation has not been met." Defs.' Mot. ¶ 27. Defendants base this argument entirely on their objections to the testimony of one of Plaintiff's expert witnesses, Dr. Michael Leonard. According to Defendants, this is a case where "expert testimony is necessary to establish causation for medical conditions outside the common knowledge and experience of jurors." *Id.* ¶ 21. Because Defendants argue Dr. Leonard's testimony is inadmissible under *Daubert*, they also argue Plaintiff cannot produce evidence to support the causation element of her negligence claims. Plaintiff responds that there is evidence of causation, including Dr. Leonard's testimony, which they argue is admissible. Pl.'s Resp. 4. Plaintiff also cites to Defendants' expert Dr. Neely's affidavit, in which he opines about Plaintiff's injuries but does not touch on causation. *Id.*

11

The Court has already considered Defendants' objections to Dr. Leonard's testimony and overruled them.  *See* ECF No. 73.  In that previous order, the Court ruled that Dr. Leonard will be permitted to offer testimony as one of Plaintiff's treating providers, including his opinion formed during the course of treatment as to causation.  *Id.* at 10.  Thus, the Court need not decide whether this is a case where expert testimony is necessary to support causation.  Plaintiff has raised a genuine issue of material fact as to causation and shown "that there is a genuine issue for trial" sufficient to survive summary judgment.  *See Little*, 37 F.3d at 1075.  Defendants' motion for summary judgment as to all of Plaintiff's claims on this basis is denied.

      d.  <u>Gross Negligence</u>

Finally, Defendants argue that Plaintiff's claims of gross negligence fail as a matter of law. Gross negligence is a higher degree of negligence, often equated with recklessness.  *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex. 1981).  A plaintiff must show that: 1) an act or omission, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  TEX. CIV. PRAC. & REM. CODE § 41.001(11).  "Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence."  *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).  A plaintiff who successfully proves gross negligence is entitled to exemplary damages.  TEX. CIV. PRAC. & REM. CODE § 41.003(a).

First, Defendants argue that there can be no gross negligence without simple negligence, and that because they are entitled to summary judgment on Plaintiff's simple negligence claims they are also entitled to judgment on gross negligence.  Defs.' Mot. ¶ 28.  Because Plaintiff's

simple negligence claims against both Defendants survive summary judgment, as discussed above, this argument is unavailing.  Defendants next argue that even if Plaintiff can prove simple negligence, she cannot meet the objective and subjective tests for gross negligence.  The Court will address the claims of gross negligence against each defendant separately.

> ### i.  *Defendant Boecken*

As to Defendant Boecken, Defendants state, without support, that they "negated one or more essential elements of Plaintiff's gross negligence cause of action as to the allegations against Defendant Boecken."  Defs.' Mot. ¶ 31.  The Court disagrees.  Despite Defendants' conclusory statement, the Court finds Defendants have failed to meet their summary judgment burden to point out that the evidence in the record is insufficient to support an essential element of Plaintiff's gross negligence claim.

Plaintiff has presented evidence that, taken in the light most favorable to her, at least creates a genuine issue for trial.[1]  For example, Plaintiff presented undisputed evidence that despite being on the road for five to seven minutes before the collision, and despite being aware of his obligation to maintain awareness of his surroundings, Defendant Boecken never saw Plaintiff's vehicle in the lane next to him.  Boecken Dep. 38:5–8 (Q: "[D]id you at any time ever see Ms. Perez' vehicle prior to the collision?" A: "No."); 38:13–15 (Q: "So…the first time you knew her vehicle was there was after you collided with it?" A: "Yes, that's correct."); 46:7–12 (Q: "[A]t no time in the 30 seconds prior to this collision as you are driving and checking your mirrors and everything else, at no time did you see her vehicle at any point in time along the right side of your…of your truck?"

---

[1] In addition to other citations to record evidence, Plaintiff cites to the expert testimony of Kerry Nelson, who opined that Boecken's actions show he consciously disregarded the safety of the public.  Pl.'s Resp. 5.  The Court has already granted Defendants' motion to limit Nelson's testimony as to Boecken's actions and omissions and opinions on gross negligence that are framed as legal conclusions.  ECF No. 73 at 16–20.  Accordingly, the Court did not rely on this evidence in determining the present summary judgment motion.

A: "No, I did not."); 52:16–20 (Q: "So…you did not see Ms. Perez' vehicle at any time on the roadway until after you collided into her, is that correct?" A: "That's correct."); Perez Dep. 64:19–21 (Q: "How long were you…on the highway approximately before the collision?" A: "Five to seven minutes.").  A reasonable jury could return a verdict for Plaintiff on her gross negligence claim on this basis.  *See Perez Librado v. M.S. Carriers, Inc.*, No. CIV.A.3:02-CV-2095-D, 2004 WL 1490304, at *3 (N.D. Tex. June 30, 2004) (denying motion for partial summary judgment on gross negligence claim).

In *Librado*, the court denied defendants' motion for partial summary judgment on the gross negligence claim against a truck driver.  *Id.*  The court found that, as to the objective test for gross negligence:

> A reasonable trier of fact could find by clear and convincing evidence that, viewed objectively from [the driver's] standpoint, operating a tractor-trailer in an area that includes controlled intersections, at a speed of 56 to 58 miles per hour, while intentionally failing to observe the roadway for a period of perhaps 14 to 20 seconds, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

*Id.* at *3.  As to the subjective test, the court concluded that:

> If the jury found that an experienced truck driver who was generally aware of his rate of speed, the weight of his vehicle and load, the stopping distance required at that speed, and the damage his large tractor-trailer would inflict…had intentionally chosen for a period of 14 to 20 seconds to read a map rather than monitor the roadway, it could also find circumstantially that he had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others.

*Id.*  Plaintiff argues that if a jury could find that the driver's failure to observe the roadway for 14-20 seconds while driving at a high rate of speed met the tests for gross negligence, then "a jury could certainly believe" Boecken's "clear[] fail[ure] to observe the roadway for a significant period of time while driving at highway speeds" was grossly negligent.  Pl.'s Resp. 5–6.

14

Defendants attempt to distinguish *Librado* from the present case by arguing that the driver there was looking at a road map rather than paying attention to the road, and that he failed to observe at least seven different indicators warning of the upcoming intersection before failing to stop.  Defs.' Reply ¶ 6.  Defendants urge that unlike the driver in *Librado*, "there is no evidence Mr. Boecken was distracted or otherwise failed to maintain his attention on the roadway before the accident."  *Id.* ¶ 7.  Defendants are mistaken, though.  Taken in the light most favorable to Plaintiff, there is evidence that Boecken failed to observe his surroundings for at least five to seven minutes while Plaintiff's car was on the highway in the lane next to him.  Whether Boecken's failure to do so resulted in intentionally looking at a map as in *Librado* as opposed to some other reason for his prolonged inattention does not support judgment as a matter of law in Boecken's favor.  "Proof of a defendant's mental state can be circumstantial," *Librado*, 2004 WL 1490304, at \*3, and a jury could conclude that Boecken, an experienced truck driver who was aware of the weight of his tractor-trailer and his obligation to maintain his awareness of his surroundings, was grossly negligent when he failed to do so for a period of five to seven minutes before colliding with Plaintiff's vehicle.  Defendants also argue there is no evidence Boecken failed to check his mirrors of "knew the Plaintiff's vehicle occupied the lane to his immediate right before the accident occurred."  Defs.' Reply ¶ 7.  But such a showing is not required: "awareness of an extreme risk does not require proof that the defendant anticipated the precise manner in which the injury would occur or be able to identify to whom the injury would befall."  *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012).  Defendants are not entitled to judgment as a matter of law on the gross negligence claim against Boecken, and Defendants' motion on this basis will be denied.

*ii.  Defendant CAB Transport*

CAB Transport argues that it is entitled to summary judgment on Plaintiff's gross negligence claim against it, whether the claim is asserted via *respondeat superior* or under a direct theory of negligence.  Plaintiff's response makes it clear she is asserting gross negligence against CAB Transport directly, so the Court will address this claim alone.

Defendants argue a direct claim of gross negligence against CAB Transport must fail because there is no evidence that CAB Transport was grossly negligent in hiring, training, supervising, or retaining Boecken or in inspecting or maintaining the CMV.  Defs.' Resp. ¶ 38. Plaintiff responds that the evidence that CAB Transport failed to comply with the FMCSRs in hiring and retaining Boecken show that CAB Transport consciously disregarded the safety and welfare of the motoring public.  Pl.'s Resp. 6.

The Court agrees with Defendants that Plaintiff has failed to raise a factual dispute sufficient to withstand summary judgment that CAB Transport was grossly negligent in hiring or retaining Boecken.  Even resolving factual disputes in Plaintiff's favor and assuming that CAB Transport violated federal regulations in hiring Boecken, and even if those violations objectively involved an extreme degree of risk, Plaintiff has adduced no evidence that CAB Transport had "actual, subjective awareness of the risk involved" but nevertheless proceeded "with conscious indifference to the rights, safety, or welfare of others."  TEX. CIV. PRAC. & REM. CODE § 41.011.

To illustrate this, assume CAB Transport indeed failed to make the required "investigations and inquiries" with respect to Boecken's motor vehicle record and driver's safety performance history, in violation of 49 C.F.R. § 391.23.  Further assume for argument's sake that this action, viewed objectively from CAB Transport's standpoint at the time, "involved an extreme degree of risk," satisfying the objective element of gross negligence.  TEX. CIV. PRAC. & REM. CODE §

16

41.011.  That alone is still insufficient to satisfy the subjective element of gross negligence. Plaintiff points to no facts in the record suggesting that CAB Transport had actual, subjective awareness of any risk this violation posed; there is no evidence that Boecken's work or safety performance history was problematic, much less that CAB Transport knew about it but hired him with conscious indifference to the risk posed.

The same goes for other FMCSR violations Plaintiff alleges CAB Transport committed. Even if CAB Transport failed to conduct yearly driving record checks, to ensure Boecken's medical certification was on file, to conduct required controlled substance testing, or to maintain a proper driver qualification file—and even if these actions all involved an objectively extreme degree of risk—Plaintiff fails to point to any facts showing CAB Transport was subjectively aware of such a risk.  There is no evidence that CAB Transport actually, subjectively knew that Boecken had any problems in his driving record, with controlled substances, or with his medical certification.  Indeed, there is no evidence that Boecken had any such issues in the first place for CAB Transport to be aware of.  "[A]ctual, subjective awareness of the risk involved" is required to satisfy the subjective element of gross negligence under Texas law.  TEX. CIV. PRAC. & REM. CODE § 41.011.   Plaintiff fails to raise any genuine fact issue on such actual, subjective knowledge by CAB Transport.  Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's claim of gross negligence against CAB Transport.  *See Rutherford*, 2015 WL 12571379, at *5 (granting summary judgment to employer on gross negligence claim where "even if an extreme risk had been shown, Plaintiffs have presented no evidence, direct or circumstantial, that [the employer] subjectively knew about the risk but did not care when it hired [the driver].").

## CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment (ECF No. 53) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims against Defendant CAB Transport for negligent maintenance and inspection, negligent hiring, and gross negligence are dismissed with prejudice.  All other claims against Defendants survive.

It is so **ORDERED**.

**SIGNED** this 23rd day of June, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE